Jacob Keur, Individually and Doing Business under the Name of C. Keur & Sons, Appellant-Respondent, *v.* Prominent Bulb Company et al., Respondents-Appellants, et al., Defendants.

First Department, March 16, 1954.

*George A. Burrell* of counsel (*Wolf & Burrell,* attorneys), for appellant-respondent.

*Joseph M. Paley* of counsel (*Shestack & Shestack,* attorneys), for respondents-appellants.

*Per Curiam.* There have been two trials in this action. After the first trial had in 1949, a judgment was entered on December 14, 1949, in plaintiff's favor granting an injunction against the respondents-appellants from representing that they were connected with plaintiff, a New York merchant, selling flower bulbs imported from Holland, or from representing that their business was that of " C. Keur & Zonen ". Plaintiff in 1926 had obtained the sole right to the use of the name " C. Keur & Zonen " in the United States. Plaintiff's brother retained the right to the use of the name in Holland. It was understood that the Holland concern would continue to grow bulbs and sell them. Later the brother died, and his sons carried on the business of C. Keur & Zonen in Holland for several years.

No jurisdiction was obtained of the Dutch concern or the individual Keurs. Plaintiff proceeded against Prominent Bulb Company (a Dutch corporation) and Henk Van Tol, its representative in America. Van Tol had acted as a salesman for several years for C. Keur & Zonen of Holland. With plaintiff's consent he secured orders in America between 1946 and 1949 for the Holland firm. Plaintiff received a commission on these sales. Then in 1949 Van Tol undertook on behalf of Prominent Bulb Company to act independently of plaintiff, but with approval of the nephews. This lawsuit followed.

After the entry of the 1949 judgment for a limited injunction, a New York lawyer representing plaintiff visited Holland in 1952 and obtained certain information as to the alleged connection of plaintiff's nephews in Holland with the incorporation of Prominent Bulb Company. Largely upon the information thus obtained plaintiff applied to reopen the case, and that application was granted in 1953. We find that this procedure was improper. The information referred to concerned acts occurring prior to the first trial. Though the acts may not have been recorded or become public until 1951 or 1952, there was no showing that any effort was made to ascertain the facts in 1949 by taking depositions of the nephews. Thus, there was no sufficient showing that such evidence was newly discovered.

This renders it unnecessary to pass upon the merits of the question as to whether the broader injunction granted after the second trial without proof of unfair competition was warranted in law or in fact. If, however, we had reached the merits in this case, we think that the plaintiff failed to make a sufficient showing of unfair competition to justify a broadening of the injunction.

The order of January 22, 1953, should be reversed and motion for new trial denied. The judgment entered April 10, 1953, should be reversed and vacated. Plaintiff's cross appeal should be dismissed.

DORE, J. P., COHN, CALLAHAN and BOTEIN, JJ., concur.

Order of January 22, 1953, unanimously reversed and the motion for a new trial denied. The judgment entered April 10, 1953, unanimously reversed and vacated. Plaintiff's cross appeal dismissed. Settle order on notice. [See *post,* p. 943.]